## PETITION OF GEORGE R. SMITH.

No. 10979.
Decided June 17, 1965.
403 P.2d 604.

PER CURIAM.

George R. Smith, a resident of the State Hospital at Warm Springs, Montana, petitioned this court for an accounting of his guardianship, and alleged further that his confinement was

illegal and that he was unable to secure counsel of his choice.

This court requested that a current accounting be filed in the district court and this was promptly taken care of and copy of the account and transcript of the proceedings on the hearing thereof were transmitted to petitioner.

As to the illegality of his confinement petitioner alleges that in the opinion of his ward doctor he is competent and should be released.

Section 38-109, R.C.M.1947, as amended, provides:

"*Discharge of patients.* The department of public institutions must cause to be discharged from the Montana state hospital any patient upon the written report of the hospital medical staff, that such patient is in satisfactory mental condition to be discharged. Such written report must be filed and kept in the office of the department, and every inmate on recovery must be ordered released, without requiring a sponsor."

It will be seen that it is not the opinion of a ward doctor that is the guide to be followed in ordering a release, but that of the hospital medical staff in writing. No such written report has been filed and we must therefore assume that in the opinion of the hospital medical staff the petitioner is not in satisfactory mental condition to be discharged.

While petitioner contends that his guardianship estate has been wrongfully handled and for that reason he seeks advice of counsel, which he contends he is unable to secure, the law provides complete supervision over guardian's actions and accountings by the district court. Since the district court approved the guardian's recent accounting we must assume that the court found nothing wrongful therein. This would also appear to us to be the reason petitioner has been unable to secure counsel in that they do not believe there has been anything wrongful about the handling of the estate by the guardian. We are advised that the assets of the guardianship are small, the income approximately $2400 per year, most of which comes from a government pension, and has been used to sup-

port the wife of petitioner. In view of the amount of income and the cost of living it is difficult to perceive the basis for any charge of wrongful handling of funds.

In view of the foregoing, petitioner's request for an accounting having been complied with, no further action on the part of this court appears appropriate. The petition is therefore denied.